UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIN SOON CHANG,<br><br>                              Plaintiff(s),<br><br>vs.<br><br>SCOTT L. COFFEE, et al.,<br><br>                              Defendant(s). | Case No. 2:16-cv-00016-JCM-NJK<br><br>REPORT AND RECOMMENDATION |

Plaintiff is proceeding in this case *pro se* and brings claims pursuant to 42 U.S.C. § 1983 against the deputy public defender who represented him in an underlying state criminal case, as well as the Clark County Public Defender. *See* Docket No. 1 at 2. Plaintiff's claims arise out of alleged misconduct by Defendants during the course of the state court criminal case against Plaintiff. *See id.* at 4-6.

**I.    STANDARDS**

When a prisoner files suit against a governmental employee or officer, the Court conducts a preliminary screening of his case pursuant to 28 U.S.C. § 1915A(a). *See, e.g.*, *Flournoy v. Contra Costa County Public Defender's Office*, 2003 WL 21033403, *1 (N.D. Cal. May 5, 2003) (applying § 1915A to claims against public defenders). The Court may dismiss a case pursuant to § 1915A when the plaintiff, *inter alia*, fails to state claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must

provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010). The plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.   DEFENDANT COFFEE**

Plaintiff's complaint attempts to bring various claims against the deputy public defender representing him in the underlying criminal action, Defendant Coffee, all of which arise out of Mr. Coffee's conduct in acting as Plaintiff's attorney. *See* Docket No. 3 at 4-6. A threshold requirement for proceeding with any § 1983 claim is that the defendant acted "under color of state law" with respect to the alleged deprivation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is settled law that a public defender is not acting "under color of state law" in representing a civil rights plaintiff in an underlying criminal proceeding. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 318-19 & n.7 (1981); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). As such, Mr. Coffee was not a state actor in representing Plaintiff in the underlying state proceedings, and Plaintiff's claims against Mr. Coffee fail as a matter of law.

**III.   DEFENDANT KOHN**

Plaintiff also attempts to bring a claim against the Clark County Public Defender for ineffective assistance of counsel based on the allegation that he (1) assigned Mr. Coffee to act as Plaintiff's counsel and (2) was later informed of inadequacies in the representation by Mr. Coffee but did not assign a new

deputy public defender to Plaintiff's underlying criminal case. *See* Docket No. 3 at 3, 4. Claims against the Clark County Public Defender himself are not precluded by the above case law if the claims arise out of his administrative functions. *See Miranda*, 319 F.3d at 469. Assuming *agruendo* that the assignment of deputy public defenders to particular criminal defendants is "administrative" in nature, Plaintiff's claim against Mr. Kohn nonetheless fails.[1]

The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor on a § 1983 claim would necessarily imply the invalidity of his conviction or sentence. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). A finding that a prisoner was deprived effective assistance of counsel in a state court criminal proceeding would necessarily imply the invalidity of his conviction. *See, e.g.*, *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*per curiam*).

As noted above, Plaintiff alleges that he has pled guilty in the underlying criminal case. *See* Docket No. 3 at 5. Moreover, his pending civil action alleges that his assigned deputy public defender provided ineffective assistance of counsel and that, in light of that ineffective assistance, Defendant Kohn further violated his Sixth Amendment right to counsel through Mr. Coffee's continued assignment to Plaintiff's case. *See id.* at 4. As noted above, a civil claim that turns on a finding of ineffective assistance of counsel (like the one in this case against Defendant Kohn) is barred by *Heck* unless the plaintiff has shown that his conviction has been invalidated through further proceedings. *Cf. Davis v. Thurston County*, 2012 WL 37516, *8-9 (W.D. Wash. Jan. 9, 2012) (to the extent based on administrative functioning, civil rights claim for ineffective assistance of counsel was barred by *Heck*). No such allegation has been–or could be–made in this case at this time.[2]

---

[1] To the extent the claim against Mr. Kohn is considered part of the "traditional role of an attorney for a client," the claim fails for the reasons discussed above with respect to Mr. Coffee.

[2] The Court takes judicial notice of the docket of Plaintiff's criminal case in the Eighth Judicial District Court, *see, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (the court may take judicial

## IV. CONCLUSION

Plaintiff's claims fail as a matter of law for the reasons outlined above. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED: February 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

notice of the state court record), which shows that he has filed a motion to withdraw his guilty plea but that it has not been resolved. Moreover, Plaintiff's criminal case remains in the Eighth Judicial District Court because he has not yet been sentenced. Because the public record demonstrates that Plaintiff cannot establish his conviction has been invalidated at this time, the undersigned believes leave to amend is unnecessary. Nonetheless, it appears proper to dismiss this case without prejudice to a new civil case being initiated in the event Plaintiff's conviction is invalidated at some future time.