UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIN SOON CHANG,<br><br>                              Plaintiff(s),<br><br>        v.<br><br>SCOTT L. COFFEE, et al.,<br><br>                              Defendant(s). | Case No. 2:16-CV-16 JCM (NJK)<br><br>ORDER |

Presently before the court is Magistrate Judge Koppe's report and recommendation ("R&R"). (ECF No. 5). *Pro se* plaintiff Min Soon Chang ("plaintiff") has not filed an objection, and the time to do so has since passed.

This case involves civil rights claims pursuant to 42 U.S.C. § 1983 against defendants Clark County public defender Philip Kohn and deputy public defender Scott Coffee (collectively, as "defendants"). Plaintiff's complaint alleges various claims against defendants arising from Coffee's alleged misconduct while representing plaintiff in the underlying criminal action. (ECF No. 3).

Pursuant to 28 U.S.C. § 1915A(a), Magistrate Judge Koppe conducted a preliminary screening of plaintiff's case. (ECF No. 5). The magistrate found that plaintiff's claims against defendant Coffee failed as a matter of law because Coffee (in representing plaintiff in the underlying state proceeding) was not acting under color of state law, which is a threshold requirement.

As to defendant Kohn, the magistrate found plaintiff's claims to be barred because plaintiff failed to allege (and could not allege) that his conviction had been invalidated through further

**James C. Mahan**
**U.S. District Judge**

proceedings.[1]  (ECF No. 5).  Accordingly, Magistrate Judge Koppe recommended that the case be dismissed without prejudice because plaintiff's claims failed as a matter of law.  (ECF No. 5).

As an initial matter, the court acknowledges that plaintiff's complaint was filed *pro se* and is therefore held to less stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted).  However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of Magistrate Judge Koppe.  Upon reviewing the recommendation and underlying complaint, the court finds that good cause appears to ADOPT the magistrate judge's findings in full.

---

[1] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Koppe's

3  report and recommendation (ECF No. 5) be, and the same hereby is, ADOPTED in its entirety.

4  IT IS FURTHER ORDERED that this case be, and the same hereby is, DISMISSED

5  WITHOUT PREJUDICE.

6  The clerk is instructed to enter judgment accordingly and close the case.

7  DATED September 7, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -